UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ATLANTIC CASUALTY
INSURANCE COMPANY
a foreign corporation,

        Plaintiff,

CASE NO.:

vs.

MARTINEZ DELIVERY CORP
d/b/a MARTINEZ MOVING,
and DORIS ACOSTA,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, ("ACIC"), through its undersigned counsel, sues Defendants, MARTINEZ DELIVERY CORP. d/b/a MARTINEZ MOVING, and DORIS ACOSTA, for declaratory relief and alleges as follows:

### Nature of Suit

1.     This is an action for declaratory relief to declare the rights and obligations of parties under a policy of liability insurance.  ACIC seeks a declaration that no coverage is afforded under its commercial general liability insurance policy for any damages which have been alleged against its insured, Defendant, MARTINEZ DELIVERY CORP. d/b/a

MARTINEZ MOVING ("MARTINEZ"), in the underlying *Acosta* action and that ACIC has no duty to defend or indemnify MARTINEZ in that action.

2. The underlying state court action arises out of injuries suffered by Defendant, ACOSTA, when a piece of furniture fell on her foot while Defendant, MARTINEZ, was in the process of delivering the furniture to ACOSTA's residence.

3. This declaratory judgment is sought to resolve an actual controversy between the parties regarding insurance coverage which is afforded to Defendant, MARTINEZ under ACIC's policy.

4. It is ACIC's position that it has no duty to defend MARTINEZ in the underlying state court action or to indemnify MARTINEZ for any damages that may be awarded against it in that action.

## Jurisdiction and Venue

5. This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

6. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) based upon the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under a liability insurance policy.

7. The policy of insurance which is the subject of this lawsuit affords liability coverage with a limit of $1,000,000, subject to all other terms and provisions contained in the policy. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees.

8. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Sections 1391(a) and 1391(c), because the incident giving rise to the present claim for declaratory relief occurred in this district and because the underlying *Acosta* action is pending in this district.

9. All conditions precedent to the filing of this action have occurred or have been complied with.

## Parties

10. Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, ("ACIC"), is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina.

11. Defendant, MARTINEZ, is a Florida corporation with its principal place of business in Miami, Florida and registered to do business in the state of Florida.

12. Defendant, ACOSTA, is a resident of Miami-Dade County, Florida and otherwise *sui juris*.

13. Defendant, ACOSTA, is being named in this coverage action solely as an interested party. ACIC seeks no affirmative relief from ACOSTA other than to bind her to any judgment which may be entered in this coverage action.

## Underlying *Acosta* Action

14. On or about April 18, 2022, MARTINEZ delivered furniture - a television base with an electronic fireplace - to ACOSTA's home.

96170\315720085.v1

15. While MARTINEZ's employees were unloading the furniture inside ACOSTA's home, one of the employees dropped the furniture on ACOSTA's right foot causing her to sustain serious personal injuries.

16. On August 8, 2022, ACOSTA filed a lawsuit styled *Doris Acosta v. El Dorado Furniture Company, and Martinz Delivery Corp., a Florida Corporation, d/b/a Martinez Moving*, Case Number 2022-014740-CA-01, which was filed and is currently pending in the Circuit Court for Miami-Dade County, Florida ("*Acosta* Action"). A copy of the Amended Complaint, which is the operative pleading in the *Acosta* Action is attached hereto as **Exhibit "A"** and is incorporated herein.

17. The *Acosta* Action alleges MARTINEZ failed to take the proper precautions to safely move the subject furniture.

18. ACIC has offered to defend MARTINEZ in the *Acosta* action subject to a complete reservation of rights.

## ACIC's Policy

19. ACIC issued a Commercial General Liability policy number L230000391-6 to Defendant, MARTINEZ, as the named insured, with effective dates from 03/10/2022 to 03/10/2023. ("Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit "B".**

20. The subject Policy affords coverage for "bodily injury" caused by an "occurrence" and promises to defend the insured with regards to covered claims, in relevant part, as follows:

96170\315720085.v1

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

21.    The Policy contains various exclusions, including the Auto, Aircraft and Watercraft Exclusion, which was amended by endorsement (AGL-151) and provides as follows:

**AUTO, AIRCRAFT AND WATERCRAFT EXCLUSION**

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING: COMMERCIAL GENERAL

LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**A.**    Paragraph 2.g. of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY is replaced** by the following:

"Bodily injury" or "property damage" airing directly or indirectly out of "the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading".

>    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by the insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.
>
>    This exclusion does not apply to "bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment".
>
> B.  The following is deleted under **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 4. Other Insurance, paragraph b. Excess Insurance**
>
>    If the loss arises out of the maintenance use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** Section **I** – Coverage **A** – Bodily Injury and Property Damage Liability.
>
> C.  The following definition is added to **SECTION V – DEFINITIONS**
>
>    "Arising directly or indirectly out of" means originating from, growing out of, flowing from, or having a connection with or incident to.

A true and correct copy of the Endorsement is separately attached hereto as **Exhibit "C".**

22.   The Policy also contains an Endorsement titled INSURING AGREEMENT AMENDMENT – USE OF EXTRINSIC EVIDENCE – RIGHT TO DEFEND (Form AGL-077-10-16), which qualified ACIC's duties and obligations with regards to the duty to defend as follows:

> A.  Paragraph **1. a.** of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced by the following:

   **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking covered damages. We will have the right, but not the duty, to defend any insured against any "suit" for which we dispute coverage. We will have no duty to defend or indemnify any insured against any "suit" seeking damages for "bodily injury" or "property damage" where there is no coverage under the policy. We will have the right, but not the duty, to defend those qualifying as an additional insured by way of an additional insured endorsement.

        We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a lawsuit seeking "bodily injury" or "property damage," provided that extrinsic evidence does not contradict a claimant's pleaded allegation. . .

23. The Policy also contains the following pertinent definitions:

**SECTION V – DEFINITIONS**

   **2.**    "Auto" mans a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."

\* \* \*

   **11.**    "Loading and unloading" means the handling of property:

        **a.**    After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft, or "auto";

        **b.**    While it is in or on an aircraft, watercraft or "auto"; or

        **c.**    While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered.

## COUNT I – DECLARATORY JUDGMENT AS TO DUTY TO DEFEND & INDEMNIFY MARTINEZ IN THE UNDERLYING ACTION

24. ACIC incorporates and restates the allegations stated in paragraphs 1-22 as though the same were fully set forth herein.

25. ACIC seeks a declaration of its rights and obligations under the subject Policy, including its duty to defend or indemnify Defendant, MARTINEZ with respect to damages which have been alleged against it in the underlying *Acosta* Action.

26. It is the position of ACIC that no coverage is afforded for any claims which have been alleged in the *Acosta* Action, because coverage for such claims is expressly excluded under the Auto, Aircraft, and Watercraft Exclusion.

27. Accordingly, it is the position of ACIC that it has no duty to defend nor indemnify MARTINEZ in the underlying *Acosta* Action.

28. ACIC is in doubt as to its rights, duties and obligations with regard to the subject Policy of insurance.

29. An actual, present and justiciable controversy exists between ACIC and its insured, Defendants, MARTINEZ, warranting the entry of declaratory judgment by this Court.

30. Defendant ACOSTA has been named in this action only insofar as she may have an interest in the outcome of this coverage dispute.

WHEREFORE, Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, requests that this Court enter judgment in its favor and against Defendants declaring that:

    A. The subject ACIC Policy does not afford coverage for Defendant, MARTINEZ, for any damages claimed against it in the underlying *Acosta* Action;

    B. ACIC has no duty to defend or indemnify Defendant, MARTINEZ, with respect to any claims alleged against it in the *Acosta* Action.

96170\315720085.v1

Plaintiff further requests that the Court grant such other relief which the Court deems appropriate and just.

**HINSHAW & CULBERTSON, LLP**

By: *Gary Khutorsky*
Gary Khutorsky, Esq. (FBN 814271)
gkhutorsky@hinshawlaw.com
Stephanie H. Carlton, Esq. (FBN 123763)
scarlton@hinshawlaw.com
201 East Las Olas Blvd., Suite 1450
Ft. Lauderdale, FL 33301
Tel: 954-467-7900
Fax: 954-467-1024
*Attorneys for Plaintiff, Atlantic Casualty Insurance Company*
